UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:04-CR-00035-LRH-RAM |
| ) | |
| v. ) | |
| ) | ORDER |
| ROBERT DEAN ELLSWORTH, ) | |
| ) | |
| Defendant. ) | |

Before the Court is Defendant's Motion to Dismiss and Vacate Case and All Proceedings and Orders Therein for Lack of Subject Matter Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(h)(3).[1] Doc. #51.[2] The United States filed a Response (Doc. #53), to which Defendant replied (Doc. #54).

**I.    Factual Background**

On May 10, 2005, Defendant was convicted, following a guilty plea, of being a felon in possession of a firearm. Doc. #31. The Court sentenced Defendant to 78 months' imprisonment. *Id.* Defendant appealed, and on August 9, 2006, the Ninth Circuit Court of Appeals affirmed.

---

[1] For purposes of this Order, the Court will treat Defendant's "Motion to Dismiss and Vacate" as a Motion for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2255, as this is the proper avenue for seeking post-conviction relief.

[2] Refers to the Court's docket number.

*United States v. Ellsworth*, 456 F.3d 1146 (9th Cir. 2006).  On May 6, 2013, Defendant, acting *pro se*, filed the instant Motion before the Court.  Doc. #51.  On June 20, 2013, the Court ordered the United States to file a Response within 45 days of the Court's Order.  Doc. #52.  The United States filed a Response on July 19, 2013.  Doc. #53.  Defendant filed a Reply on August 12, 2013.  Doc. #54.

II.     Discussion

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; 2 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 41.3b (5th ed. 2005).

Defendant asserts that the Court lacked jurisdiction because the entirety of Title 18 United States Code, including Section 3231, under which he was charged, prosecuted, convicted, and sentenced, was not properly enacted into law.  Doc. #51, p. 10; Doc. 54, p. 6.  The Court finds Defendant's motion to be both untimely and without merit.  Motions pursuant to 28 U.S.C. § 2255 are subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1); *see also Clay v. United States*, 537 U.S. 522, 532 (2003) (a judgment of conviction becomes final for § 2255 purposes when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction).  Here, the time in which Defendant could have filed a petition for certiorari expired on November 7, 2006, 90 days after entry of the Court of Appeals' judgment.  U.S. Sup. Ct. Rule 13; *see also Clay*, 537 U.S. at 525.  Accordingly, Defendant had until November 7, 2007 to file his § 2255 Motion. Because Defendant filed his Motion long after the period of limitation pursuant to § 2255(f)(1) had expired, the Court denies it as untimely.  Furthermore, Defendant is not entitled to tolling under

2

§ 2255(f)(2), § 2255(f)(3), or § 2255(f)(4) because he failed to show that extraordinary circumstances beyond his control made it impossible to file a petition on time. *See United States v. Schwartz*, 274 F.3d 1220, 1224-25 (9th Cir. 2001).

Even if Defendant had timely filed his Motion under § 2255(f)(1), the Court would deny relief, as Defendant's argument that 18 U.S.C. § 3231 was not properly enacted is entirely lacking in merit. Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." This Court has twice addressed Defendant's argument regarding the enactment of 18 U.S.C. § 3231, first in *United States v. Mendez*, 2:08-CR-024-JCM-GWF, 2012 WL 1155712, at *4 (D. Nev. Apr.6, 2012), and again in *United States v. Collier*, 2:00-CR-00427-PMP, 2013 WL 5234245, at *3 (D. Nev. Sept. 16, 2013), and confirmed that "[e]very court to have considered such a claim has rejected it." *See United States v. Penwell*, 455 Fed. Appx. 181, 183-84 (3d Cir. 2011) (accumulating cases affirming the proper enactment and validity of 18 U.S.C. § 3231). Accordingly, the Court finds that its exercise of jurisdiction over Defendant was proper and denies his Motion on this ground as well.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss and Vacate Case and All Proceedings and Orders Therein (Doc. #51) is DENIED.

IT IS SO ORDERED.

DATED this 18th day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE